OPINION
{¶ 1} In this consolidated appeal, Steven R. Lao appeals from the judgments of the Lake County Court of Common Pleas denying his "Motion for Consolidation Pursuant to Crim. R. 8(A)" in lower court Case No. 05 CR 000626 and Case No. 06 CR 000302. Mr. Lao filed the motion in these cases after his direct appeal in both cases were already dismissed by this court. For the following reasons, this court affirms the judgments of the trial court. *Page 2 
 {¶ 2} This consolidated appeal involves two lower court case numbers. In Case No. 05 CR 000626, a grand jury returned a three-count indictment against Mr. Lao on February 3, 2006, in connection with several drug offenses he committed between August 15, 2005 and August 25, 2005. Count One of the Indictment charged him with Illegal Manufacture of Drugs, a Felony of the Second Degree, in violation of R.C. 2925.04; Count Two charged him with Illegal Assembly or Possession of Chemicals for the Manufacture of Drugs, a Felony of the Third degree, in violation of R.C. 2925.041; and Count Three charged him with Aggravated Possession of Drugs, a Felony of the Fifth Degree in violation of R.C. 2925.11.
 {¶ 3} In Case No. 06 CR 000302, a grand jury returned a three-count indictment against Mr. Lao on June 23, 2006, in connection with drug offenses he committed between May 3, 2006 and May 5, 2006. Count One charged him with Illegal Manufacture of Drugs, a Felony of the Second Degree with Forfeiture Specification, in violation of R.C. 2925.04; Count Two charged him with Illegal Assembly or Possession of Chemicals for the Manufacture of Drugs, a Felony of the Third Degree, in violation of R.C. 2925.041, and Count Three charged him with Aggravated Possession of Drugs, a Felony of the Third Degree, in violation of R.C. 2925.11.
 {¶ 4} On July 19, 2006, the trial court held a plea hearing on both cases; on July 20, 2006, Mr. Lao entered a written plea in both cases. In Case No. 05 CR 000626, he pled guilty to Count One, Illegal Manufacture of Drugs, a Felony of the Second Degree. On July 21, 2006, the court issued a judgment entry accepting the guilty plea and entered a Nolle Prosequi as to the remaining two counts. *Page 3 
 {¶ 5} In Case No. 06 CR 000302, he pled guilty to Illegal Assembly or Possession of Chemicals for the Manufacture of Drugs, a Felony of the Third Degree, with a Forfeiture Specification of $1,010. On July 21, 2006, the court issued a judgment entry accepting his plea and entered a Nolle Prosequi as to the remaining two counts.
 {¶ 6} The court then referred both cases to the Adult Probation Department for a presentence investigation report and a drug and alcohol evaluation. On August 4, 2006, the trial court held a sentencing hearing in both cases. On August 8, 2006, the court filed a judgment entry sentencing him to six years in prison and imposed a mandatory post release control of three years in Case No. 05 CR 000626. It also filed a judgment entry sentencing him to four years in prison in Case No. 06 CR 000302. The court ordered these two terms to be served consecutively.
 {¶ 7} On August 21, 2006, Mr. Lao filed a pro se notice of appeal in both cases. His appeal in Case No. 05 CR 000626 was assigned Appeal Case No. 2006-L-177 and his appeal in Case No. 06 CR 000302 was assigned Appeal Case No. 2006-L-178.
 {¶ 8} On November 6, 2006, this court sua sponte dismissed both Appeal Case No. 2006-L-177 and Appeal Case No. 2006-L-178 for failure to prosecute.
 {¶ 9} Thereafter, on January 18, 2007, Mr. Lao filed a pro se notice of appeal and a motion for leave to file a delayed appeal in both cases. His appeal involving 05 CR 000626 was assigned Appeal Case No. 2007-L-007 and his appeal involving 06 CR 000302 was assigned Appeal Case No. 2007-L-008.
 {¶ 10} On April 13, 2007, this court denied his motion for leave to file a delayed appeal and dismissed the appeal in both Appeal Case No. 2007-L-007 and Appeal Case No. 2007-L-008. In the memorandum opinion attached to the judgment entry in *Page 4 
these cases, this court noted that Mr. Lao failed to attach a memorandum in support of his motion for a delayed appeal and the motion itself did not advance any reasons for his delay in perfecting his appeal, as required by App. R. 5(A). Because his motion was procedurally defective, this court concluded that he has failed to invoke its jurisdiction, and therefore overruled his motion for leave to file a delayed appeal and dismissed the appeal in both cases.
 {¶ 11} Thereafter, on May 29, 2007, Mr. Lao, pro se, filed a "Motion for Consolidation Pursuant to Crim. R. 8(A)" in both Case No. 05 CR 000626 and Case No. 06 CR 000302, claiming he was prejudiced by his trial counsel's failure to request a consolidation of these two cases. On June 20, 2007, the trial court journalized a judgment entry denying the "Motion for Consolidation" in Case No. 05 CR 000626. The court, however, did not journalize its judgment entry denying the "Motion for Consolidation" in Case No. 06 CR 000302 until July 17, 2007.
 {¶ 12} On July 11, 2007, Mr. Lao timely filed a pro se appeal from the trial court's judgment denying his "Motion for Consolidation" in Case No. 05 CR 000626. This appeal was assigned Appeal Case No. 2007-L-111.
 {¶ 13} Mr. Lao did not file a notice of appeal from the July 17, 2007 judgment until September 20, 2007. On that day, he filed a pro se notice of appeal and a motion for leave to file a delayed appeal. In the notice of appeal he stated he was appealing from the trial court's July 17, 2007 judgment denying his "Motion for Consolidation Pursuant to Crim. R. 8(A)." In his memorandum supporting the delayed appeal, he stated he did not appeal the trial court's denial of his "Motion for Consolidation" in Case No. 06 CR000302 at the time he filed an appeal from the trial court's denial of his *Page 5 
"Motion for Consolidation" in Case No. 05 CR000626 because he did not have a copy of the judgment entry for the former case at that time. This appeal was assigned Appeal Case No. 2007-L-157.
 {¶ 14} On November 11, 2007, we granted Mr. Lao's motion to file a delayed appeal in Appeal Case No. 2007-L-157, finding his reason for the one-month delay, namely, he did not have a copy of the judgment he wanted to appeal, to be satisfactory.
 {¶ 15} We also granted his motion to consolidate Appeal Case No. 2007-L-157 with Appeal Case No. 2007-L-111, and ordered the two appeals be consolidated for purposes of briefing, oral argument, and disposition.
 {¶ 16} As the procedural history shows, the instant consolidated appeal pertains only to the trial court's judgments denying Mr. Lao's "Motion to Consolidate Pursuant to Crim. R. 8(A)" in the two trial court cases, issued on June 20, 2007 and July 17, 2007, respectively.
 {¶ 17} As such, Mr. Lao can only challenge the trial court's denial of that motion. However, a review of the brief filed by his appointed counsel in the instant appeal indicates that he actually challenges the trial court's judgment relating to his conviction, more specifically, his guilty plea. His brief stated, at page 2: "This matter is now before this Court upon Appellant's filing a Notice of Delayed Appeal that was filed January 18, 2007;" his sole assignment of error states: "The trial court erred in accepting appellant's plea since without full compliance with Criminal Rule 11(C)(2), the appellant's plea was neither knowingly, voluntarily, nor intelligently made."
 {¶ 18} The procedural history of the instant matter indicates that this court had already dismissed his direct appeal in both trial court cases (Appeal Case No. 2006-L-177 *Page 6 
and Appeal Case No. 2006-L-178) on November 6, 2006 for failure to prosecute. We had also dismissed a delayed appeal in both trial court cases filed on January 18, 2007 (Appeal Case No. 2007-L-007 and Appeal Case No. 2007-L-008), in a judgment entry dated April 13, 2007, for a failure to advance any reasons for his delay in perfecting his appeal. The instant matter is before us on his appeal from the trial court's June 20, 2007 and July 17, 2007 judgments denying his pro se "Motion for Consolidation Pursuant to Crim. R. 8(A)." By his own statement, however, Mr. Lao treats the instant appeal as if it were the delayed appeal he filed on January 18, 2007, which we have already dismissed on April 13, 2007.
 {¶ 19} Although Mr. Lao perfected the instant appeal and properly invoked this court's jurisdiction regarding the trial court's denial of his "Motion for Consolidation Pursuant to Crim. R. 8 (A)", his brief alleges no errors and otherwise raises no issues for our review pertaining to the trial court's judgments denying that motion. Instead, he improperly utilizes the instant appeal to seek review of alleged errors regarding his guilty plea, which is essentially an attempt at bootstrapping, that is, the utilization of a subsequent order to indirectly and untimely appeal a prior order. See Chapon v. StandardContracting Eng., 8th Dist. No. 88959, 2007-Ohio-4306, ¶ 3. Bootstrapping is "procedurally anomalous and inconsistent with the appellate rules which contemplate a direct relationship between the order from which the appeal is taken and the error assigned as a result of that order." Id.[1] *Page 7 
 {¶ 20} Because Mr. Lao does not allege any errors regarding the trial court's judgment denying his "Motion for Consolidation Pursuant to Crim. R. 8(A)" in Case No. 05 CR 000626 and Case No. 06 CR 000302, we affirm the judgments of the trial court in both cases.
 {¶ 21} The judgments of the trial court in Case No. 05 CR 000626 and Case No. 06 CR 000302 are affirmed.
DIANE V. GRENDELL, P.J., CYNTHIA WESTCOTT RICE, J., Concur.
[1] We point out furthermore that Mr. Lao's brief does not comply with Local R. 12(C)(4), which requires that "[t]he Assignment(s) of Error shall assert precisely the manner in which the trial court is alleged to have erred." *Page 1